IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-50539
Conference Calendar

JOE O'CAIN,

                                    Plaintiff-Appellant,

versus

LEO SAMANIEGO, Sheriff - El Paso County;
JON BUSCEMI, Administrator of Medical
Services,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CV-207-H
- - - - - - - - - -

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Joe O'Cain, Texas prisoner # 816577, has filed a motion for
leave to proceed *in forma pauperis* ("IFP") on appeal, following
the dismissal of his complaint for failure to state a claim upon
which relief may be granted pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii).  By moving for IFP status, O'Cain is
challenging the district court's certification that IFP status
should not be granted on appeal because his appeal presents no
nonfrivolous issues and is not taken in good faith.  See Baugh v.
Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

O'Cain's brief does not provide any argument that the district court erred in dismissing his complaint for failure to state a claim.  He argues only that he "was diagnosed by [a] physician and placed on a treatment program."  Even a pro se appellant must brief an issue to preserve it for appellate review.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issue.  O'Cain's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of O'Cain's § 1983 action counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a "strike" for purposes of § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  O'Cain is warned that if he accumulates a third "strike" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.